UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------x
                              :
PATRICK CREIGHTON             :    Civil No. 1:17CV00246 (HBF)
                              :
v.                            :
                              :
NANCY A. BERRYHILL, ACTING    :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION                :
                              :
------------------------------x

**RULING ON CROSS MOTIONS**

Plaintiff Patrick Creighton brings this action pursuant to 42 U.S.C. §405(g), seeking review of a final decision of the Commissioner of Social Security which denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §401 et seq. ("the Act"). Plaintiff has moved to remand the case on the basis of new and material evidence. The Commissioner has moved to affirm.

For the reasons set forth below, plaintiff's Motion for Judgment on the Pleadings **[Doc. #12]** is **GRANTED**. Defendant's Motion and Motion for Judgment on the Pleadings **[Doc. #17]** is **DENIED**.

**I. ADMINISTRATIVE PROCEEDINGS**

The procedural history of this case is not disputed. Plaintiff filed an application for DIB on February 6, 2014, alleging disability as of November 16, 2013. [Certified

1

Transcript of the Record, Compiled on May 27, 2017, Doc. #7 (hereinafter "Tr.") 22, 74, 140-41]. Plaintiff alleged disability due to Back-Degenerative Disc Disease, Left Hip-full replacement, Essential Tremors, Psoriasis, High Blood Pressure, High Cholesterol and Triglyceride[s]. [Tr. 157]. His Title II claim was denied on April 23, 2014. [Tr. 66-74]. Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ") on April 23, 2014. [Tr. 89-90].

On May 16, 2016, Administrative Law Judge ("ALJ") Christina Young Mein held a hearing, at which plaintiff appeared with an attorney and testified. [Tr. 33-65]. Vocational Expert ("VE") Denise Waddle also testified at the hearing. [Tr. 60-65]. On June 1, 2016, the ALJ found that plaintiff was not disabled, and denied his claim. [Tr. 19-32]. Plaintiff filed a timely request for review of the hearing decision on July 14, 2016. [Tr. 16-18]. On January 19, 2017, the Appeals Council denied review, thereby rendering ALJ Mein's decision the final decision of the Commissioner. [Tr. 1-7]. The case is now ripe for review under 42 U.S.C. §405(g).

Plaintiff, represented by counsel, timely filed this action for review and moves to reverse and/or remand the Commissioner's decision.

## II. STANDARD OF REVIEW

The review of a social security disability determination

involves two levels of inquiry. First, the Court must decide whether the Commissioner applied the correct legal principles in making the determination. Second, the Court must decide whether the determination is supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998) (citation omitted). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The reviewing court's responsibility is to ensure that a claim has been fairly evaluated by the ALJ. Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983) (citation omitted).

The Court does not reach the second stage of review – evaluating whether substantial evidence supports the ALJ's conclusion – if the Court determines that the ALJ failed to apply the law correctly. See Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

3

deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

"[T]he crucial factors in any determination must be set forth with sufficient specificity to enable [a reviewing court] to decide whether the determination is supported by substantial evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984) (alteration added) (citation omitted). The ALJ is free to accept or reject the testimony of any witness, but a "finding that the witness is not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988) (citation omitted). "Moreover, when a finding is potentially dispositive on the issue of disability, there must be enough discussion to enable a reviewing court to determine whether substantial evidence exists to support that finding." Johnston v. Colvin, Civil Action No. 3:13-CV-00073(JCH), 2014 WL 1304715, at *6 (D. Conn. Mar. 31, 2014) (internal citations omitted).

It is important to note that in reviewing the ALJ's decision, this Court's role is not to start from scratch. "In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct

legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (citations and internal quotation marks omitted). "[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports the ALJ's decision." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013)(citations omitted).

**III. SSA LEGAL STANDARD**

Under the Social Security Act, every individual who is under a disability is entitled to disability insurance benefits.

To be considered disabled under the Act and therefore entitled to benefits, Mr. Creighton must demonstrate that he is unable to work after a date specified "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Such impairment or impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423(d)(2)(A); see also 20 C.F.R. §404.1520(c)(requiring that the impairment "significantly limit[ ] ... physical or mental

5

ability to do basic work activities" to be considered "severe").[1]

There is a familiar five-step analysis used to determine if a person is disabled. See 20 C.F.R. §404.1520(a)(4). In the Second Circuit, the test is described as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). If and only if the claimant does not have a listed impairment, the Commissioner engages in the fourth and fifth steps:

> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the Secretary must prove the final one.

---

[1] DIB and SSI regulations cited herein are virtually identical. The parallel SSI regulations are found at 20 C.F.R. §416.901 et seq., corresponding to the last two digits of the DIB cites (e.g., 20 C.F.R. §404.1520 corresponds with 20 C.F.R. §416.920).

6

Id.

"Through the fourth step, the claimant carries the burdens of production and persuasion, but if the analysis proceeds to the fifth step, there is a limited shift in the burden of proof and the Commissioner is obligated to demonstrate that jobs exist in the national or local economies that the claimant can perform given his residual functional capacity." Gonzalez ex rel. Guzman v. Dep't of Health and Human Serv., 360 F. App'x 240, 243 (2d Cir. 2010) (citing 68 Fed. Reg. 51155 (Aug. 26, 2003)); Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam)). "Residual functional capacity" is what a person is still capable of doing despite limitations resulting from his physical and mental impairments. See 20 C.F.R. §§404.1545(a), 416.945(a)(1).

"In assessing disability, factors to be considered are (1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978) (citation omitted). "[E]ligibility for benefits is to be determined in light of the fact that the Social Security Act is a remedial statute to be broadly construed and liberally applied." Id. (citation and internal quotation marks omitted).

7

**IV. THE ALJ'S DECISION**

Following the above-described five step evaluation process, ALJ Mein concluded that plaintiff was not disabled under the Social Security Act. [Tr. 19-32]. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability, November 16, 2013.[2] [Tr. 24].

At step two, the ALJ found that plaintiff had osteoarthritis (status post left hip fracture 2011), degenerative disc disease, scoliosis and obesity, all severe impairments under the Act and regulations. Id.

At step three, the ALJ found that plaintiff's impairments, either alone or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. [Tr. 23-24]. The ALJ specifically considered Listings 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine) [Tr. 25].

Before moving on to step four, the ALJ found plaintiff had the RFC

> to perform medium work as defined in 20 C.F.R. 404.1567(c). The claimant can lift 50 pounds occasionally and 25 pounds frequently. The claimant, however, cannot climb ladders, ropes, or scaffolds. The claimant also cannot crawl and he cannot work at unprotected heights or around machinery. The claimant

---

[2] Plaintiff's date last insured for Title II benefits is March 31, 2019. [Tr. 24].

can perform fine manipulation or fingering frequently. [Tr. 25-27].

At step four, the ALJ found plaintiff was capable of performing past relevant work as a dump truck driver, DOT No. 902.683-010, as generally performed. [Tr. 27].

**V. DISCUSSION**

Creighton has filed new evidence of a subsequent favorable decision arguing that remand is warranted pursuant to 42 U.S.C. §405(g).

***A.   Subsequent Favorable Disability Finding.***

ALJ Mein concluded that plaintiff was not disabled during the period from November 16, 2013, the alleged disability onset date, through June 1, 2016, the date of her decision. [Tr. 28]. On January 19, 2017, the Appeals Council denied review.[3] [Tr. 1-7].

---

[3] On appeal to the Council, plaintiff submitted an August 29, 2016, report from Neurologist Dr. James G. Egnatchik. The Appeals Council stated that it

> looked at the Office notes from James G. Egnatchik, M.D., Buffalo Neurosurgery Group, dated August 29, 2016 (2 pages). The Administrative Law Judge decided your case through June 1, 2016. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 1, 2016.
>
> If you want us to consider whether you were disabled after June 1, 2016, you need to apply again.

[Tr. 2].

9

On March 7, 2017, plaintiff reapplied for Title II benefits. [Doc. #12-2 at 2]. He turned 55 years old on March 9, 2017, placing him in the age category of "person of advanced age" meaning an individual 55 years of age and over. 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e). See Grace v. Astrue, No. 11 Civ. 9162 (ALC)(MHD), 2013 WL 4010271, at *24 (S.D.N.Y. July 31, 2013)("The distinction between being classified as a 'younger person' and being classified as a 'person closely approaching advanced age' can be dispositive in determining whether an individual qualifies as disabled.")(citations omitted).

On May 25, 2017, the DDS adjudicator found that plaintiff had the RFC "of no more than sedentary work" and applying the vocational factors, it was determined that plaintiff was over 55 years old and of "advanced age;" he was unable to perform his past relevant work; his work history was classified as unskilled; with the highest grade of school at 14 years. [Doc. #12-2 at 10-11]. Applying Medical-Vocational Grid 201.04, the Commissioner determined that plaintiff was per se disabled. Although plaintiff's alleged onset date was June 2, 2016, DDS found that the "ALJ's decision [was] 1/19/17. Clmt onset date therefore established 1/20/17."[4] [Doc. #12-2 at 10-11].

---

[4] The evidence reviewed by the DDS adjudicator as part of this subsequent favorable disability finding included: (1) Consultative Examination Report of Dr. David Brauer dated May 17, 2017; (2) medical records from Buffalo Medical Group; (3)

10

On December 12, 2017, this finding was reopened and the Commissioner revised the disability onset date to June 2, 2016.[5] [Doc. #12-2 at 13-14].

**B. Remand is Warranted for Consideration of a Subsequent Favorable Ruling Under 42 U.S.C. §405(g)**

Plaintiff argues that the subsequent favorable disability determination by the Commissioner "one day after the notice of unfavorable decision is new and material evidence under 42 U.S.C. §405(g)." [Doc. #12-1 at 12].

Pursuant to the Act, the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence that is material and that there is good cause of the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. §405(g). The Second Circuit has articulated a three-pronged standard for determining whether a §405(g) remand to consider new evidence is appropriate:

---

Report from treating Neurologist Dr. James Egnatchik dated August 29, 2016; (4) Lumbar Spine MRI report dated April 22, 2016; and (5) Report from treating physician Dr. Brian Herbst dated October 28, 2016. [Doc. #12-2 at 4-9].
[5] Plaintiff states, and defendant does not dispute, that "the Appeals Council denial was January 20, 2017 (Tr. 1), and the ALJ denial was actually June 1, 2016 (Tr. 19). Since this was a clerical error only, the Commissioner issued a corrected determination (Form 831), setting the onset date as June 2, 2016." [Doc. #12-1 n.4].

11

> an appellant must show that the proffered evidence is
> (1) new and not merely cumulative of what is already
> in the record, ... and that it is (2) material, that
> is, both relevant to the claimant's condition during
> the time period for which benefits were denied and
> probative, .... The concept of materiality requires,
> in addition, a reasonable possibility that the new
> evidence would have influenced the Secretary to decide
> claimant's application differently. .... Finally,
> claimant must show (3) good cause for her failure to
> present the evidence earlier.

Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988)(internal quotation marks and citations omitted).

Defendant argues that a subsequent favorable decision is not evidence of disability in and of itself, but must be "supported by evidence that is new and material under §405(g)...." [Doc. #17-1 at 24]. Here, defendant contends that "the adjudicator who considered [p]laintiff's subsequent application relied on different evidence than the evidence considered" by ALJ Mein, including the May 2017 Consultative Report by Dr. David Brauer, who examined plaintiff and rendered an opinion on his functioning more than a year after the ALJ's ruling. [Doc. #17-1 at 25].

The Court finds that subsequent favorable decision satisfied the requirements of §405(g) and Tirado and should therefore be considered on remand.[6] The subsequent favorable

---

[6] Where evidence is submitted to the Court, it may be considered only to determine whether it forms a basis for remand to the Commissioner. Tirado, 842 F.2d at 597-98; Lisa v. Sec'y of Dep't of Health and Human Serv., 940 F.2d 40 (2d Cir. 1991).

12

decision is new, and not merely cumulative of what was already before ALJ Mein when she issued the first decision. See Mikol v. Barnhart, 554 F. Supp. 2d 498, 503-05 (S.D.N.Y. 2008) (finding that a subsequent favorable decision constituted grounds for remand where the alleged onset date was one day after the original ALJ's denial, and the second ALJ discussed conditions that the first ALJ addressed."); Kaylor v. Berryhill, No. 6:16-CV-00281(MAT), 2017 WL 4250052, at *3 (W.D.N.Y. Sept. 26, 2017)(same).

While it is true that the May 17, 2017, Consultative Examination Report of Dr. David Brauer post-dates the ALJ's ruling by almost a year, the adjudicator clearly cites medical evidence "relevant to the period adjudicated in the first claim." Clemons v. Astrue, No. 12-CV-269A, 2013 WL 4542730, at *6 (W.D.N.Y. Aug. 27, 2013). The subsequent decision granting disability benefits also refers to medical records from plaintiff's treating physicians at the Buffalo Medical Group; a Lumbar Spine MRI report dated April 22, 2016; a report from treating Neurologist Dr. James Egnatchik dated August 29, 2016; and a report from treating physician Dr. Brian Herbst dated October 28, 2016. [Doc. #12-2 at 4-9]. Indeed, the report from Dr. Egnatchik that was submitted to the Appeals Counsel

summarizes his neurological examination, reviews of plaintiff's April 2016 MRI and provides a treatment plan.[7] Significantly, plaintiff's referral by his treating physician Dr. Herbst to a specialist, neurologist Dr. Egnatchik, and the neurologist's examination occurred <u>after</u> the ALJ's ruling but the diagnostic imaging that Dr. Egnatchik relied on is dated <u>before</u> the ALJ's ruling and clearly relates to his condition considered by ALJ Mein. See Tolany v. Heckler, 756 F.2d 268, 272 (2d Cir. 1985)(good cause shown where new diagnosis was based on recent neurological evaluation and assessment of response to medication required observation period). Additionally, although Dr. Herbst's report post-dates the ALJ's ruling by a few months, it may be material evidence as Dr. Herbst's April 2016 Lumbar Spine RFC Questionnaire is part of the record; he referred plaintiff to a neurologist after the April 2016 MRI; and, as plaintiff's treating physician, he has longitudinal knowledge and insight into plaintiff's condition during the relevant period.

---

[7] The neurologist found that

> [t]o treat Patrick's problem surgically would involve a three-level fusion and decompression with most likely inter-body cages, rods and screws. This is [a] very big operation and I told Patrick that he should think about it and when his symptoms are no longer tolerable I would be happy to re-evaluate him and possibly perform same.

[Tr. 10].

The subsequent favorable decision is also material. Horn v. Comm'r of Soc. Sec., No. 13-CV-1218 NGG, 2015 WL 4743933, at *21 (E.D.N.Y. Aug. 10, 2015)("For example, in Clemons,... the court found that a subsequent decision was material where the onset date in the second application was one day after the original ALJ's decision, and the second ALJ referenced time frames and information adjudicated by the original ALJ."); Mikol, 554 F. Supp. 2d at 503-04 (finding that a subsequent favorable decision constituted grounds for remand where alleged onset date was one day after the original ALJ's denial and the subsequent decision discussed conditions that the first ALJ addressed.)

In determining that plaintiff was disabled from June 2, 2016, the adjudicator considered evidence that sheds light on the seriousness of plaintiff's condition at the time of ALJ Mein's decision and is relevant to that time frame as it may disclose the severity and continuity of impairments or may identify impairments or functional limitation which could reasonably be presumed to have been present as of ALJ Mein's decision. See Gold v. Sec'y of Health and Human Servs., 463 F.2d 38, 41-42 (2d Cir. 1972). The adjudicator clearly considered plaintiff's medical history prior to June 1, 2016, the treating records and report of his treating physician Dr. Herbst before and after that date, and the August 2016 report from neurologist

15

Dr. Egnatchik interpreting the April 2016 MRI and recommending surgical treatment. Mikol, 554 F. Supp. 2d at 504 ("It is reasonable to assume that the second decision will impact the decision of the first ALJ because it suggests the impairment was more severe than the first ALJ determined."); Nowak v. Colvin, No. 1:15-CV-00424-MAT, at *3 (W.D.N.Y. Apr. 27, 2018). "In other words, 'if the subsequent [determination] references the initial time period formally [sic] adjudicated, the information is considered new and material.'" Kaylor, 2017 WL 4250052, at *2 (quoting Clemons v. Astrue, No. 12-CV-269A, 2013 WL 4542730, at *6 (W.D.N.Y. Aug. 27, 2013)); Lisa, 940 F.2d at 44 ("[w]hen ... a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of [a claimant's] condition, evidence of that diagnosis is material and justifies remand.")(citing Tolany v. Heckler, 756 F.2d 268, 272 (2d Cir. 1985)(remanding for Secretary to consider medical report supplying new diagnosis); Wagner v. Sec'y of Dep't Health & Human Servs., 906 F.2d 856 (2d Cir. 1990)(reversing Secretary for failing to give appropriate weight to retrospective diagnosis for consideration of which this court had previously remanded); and Tirado, 842 F.2d at 597 (recognizing possibility that retrospective diagnosis may reveal depth of illness existing but not fully appreciated at time of prior hearing, and remanding to district court to determine in

first instance whether evidence should be presented to Secretary)); Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004)("The concept of materiality requires...a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.") (quoting Tirado, 842 F.2d at 597).

Finally, good cause exists for plaintiff's failure to present the evidence to the Commissioner earlier as the Appeals Council's denial was dated January 19, 2017; plaintiff refiled for benefits on March 7, 2017; and the decision was not available until May 25, 2017. "'Good cause' for failing to present evidence in a prior proceeding exists where, as here, the evidence surfaces after the Secretary's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding." Mikol, 554 F. Supp. 2d at 505 (quoting Lisa, 940 F.2d at 44); Clemons, 2013 WL 4542730, at *6; see Tolany, 756 F.2d at 272 (good cause shown where new diagnosis was based on recent neurological evaluation and assessment of response to medication required observation period).

Accordingly, this case is remanded to the Commissioner for consideration of new and material evidence, namely, the favorable determination of plaintiff's subsequent Title II action.

## VI. CONCLUSION

For the reasons stated, plaintiff's Motion for Judgment on the Pleadings **[Doc. #12]** is **GRANTED**. Defendant's Motion for Judgment on the Pleadings **[Doc. #17]** is **DENIED**. This case is **REMANDED** for further proceedings consistent with this opinion, pursuant to sentence six of 42 U.S.C. §405(g). See Mikol, 554 F. Supp. 2d at 505; 42 U.S.C. §405(g).

In light of the Court's findings above, it need not reach the merits of plaintiff's remaining arguments. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion. On remand, the Commissioner shall address the other claims of error not discussed herein.

This is not a Recommended Ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #20] on September 25, 2018, with appeal to the Court of Appeals. Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at Bridgeport, Connecticut this 5th day of December 2018.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE